FILED

JUN - 4 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ANTHONY D. SHAW, #344733,

        Petitioner,

v.                           CIVIL ACTION NO. 2:09cv593

GENE M. JOHNSON, DIRECTOR,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I.  STATEMENT OF THE CASE

#### A.  Background

On November 10, 2004, Anthony D. Shaw ("Shaw") was convicted in the Circuit Court of King William County, Virginia, of two (2) counts of robbery, two (2) counts of abduction, one (1) count of breaking and entering, one (1) count of conspiracy to commit a felony, and five (5) counts of use of a firearm in the commission of a felony. On February 9, 2005, Shaw was sentenced to serve two (2) life sentences plus 133 years in prison. Shaw was represented

at trial and sentencing by Richard E. Hill, Esquire ("Hill").[1]

Shaw subsequently filed an appeal to the Court of Appeals of Virginia alleging that the trial court abused its discretion in exceeding the sentencing guidelines.  On January 11, 2006, the Court of Appeals denied Shaw's petition on the merits.  Shaw v. Commonwealth, No. 0602-05-2 (Va. Ct. App. Jan. 11, 2006).  Shaw was denied review by a three-judge panel on June 29, 2006, and the Supreme Court of Virginia refused his appeal on January 26, 2007. Shaw v. Commonwealth, No. 061548 (Va. Jan. 26, 2007).

Shaw then filed a habeas petition with the Circuit Court of King William County, which was denied on the merits on July 10, 2008.  Shaw v. Commonwealth, No. CL07000118 (Va. Cir. Ct. July 10, 2008).  Shaw filed an appeal with the Supreme Court of Virginia, which was denied on June 1, 2009.  Shaw v. Commonwealth, No. 081668 (Va.  June 1, 2009).    Shaw filed a subsequent petition for reconsideration, which was denied on September 22, 2009.  Shaw v. Commonwealth, No. 081668 (Va. Sept. 22, 2009).

On December 3, 2009, while in the custody of the Virginia Department of Corrections at Sussex II State Prison, Shaw executed

---

[1] Shaw initially pled not guilty to the charges against him. Shaw v. Commonwealth, No. 0602-05-2, at 1 (Va. Ct. App. Jan. 11, 2006).    At the end of his first day of trial, he decided to represent himself.  Id.  The following day, Shaw requested that his attorney return to represent him.  Id.  On the third day of trial, Shaw decided to plead guilty to the eleven (11) charges noted above, and the trial court dismissed two (2) additional charges of abduction and use of a firearm in the commission of a felony.

2

the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] On January 22, 2010, the Court filed Shaw's Petition after receiving the filing fee and two complete copies of the petition, as required by 28 U.S.C. § 2249. On March 12, 2010, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting brief, and a Notice of Motion Pursuant to Local Rule 7(K). Shaw did not file a response to Respondent's Motion to Dismiss.

## B. **Grounds Alleged**

Shaw makes the following claims alleging that he is entitled to relief under 28 U.S.C. § 2254:

(1) His trial counsel was ineffective because trial counsel failed to move for a competency hearing before trial;

(2) His trial counsel was ineffective because trial counsel advised him to plead guilty;

(3) His trial counsel was ineffective because trial counsel failed to properly investigate a witness and conduct a proper cross-examination of that witness;

(4) His trial counsel was ineffective because trial counsel was laboring under a conflict of interest; and

(5) The Commonwealth engaged in prosecutorial misconduct.

## II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court FINDS that all of Shaw's claims are exhausted, but

---

[2] Shaw originally filed the habeas petition in the United States Court of Appeals for the Fourth Circuit on October 19, 2009. The prison librarian gave him this address. Shaw filed a motion on October 23, 2009, requesting that the Court transfer the petition to the United States District Court for the Eastern District of Virginia.

that claim (5) is procedurally defaulted and claims (1) through (4) are without merit. The Court RECOMMENDS that claims (1) through (5) be DENIED and DISMISSED.

## A. **Exhaustion**

In order for the Court to address the merits of a federal habeas petition, all of the claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quotations omitted). Also, "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court." Id. at 911 (internal quotations omitted). Such claims are treated as simultaneously exhausted and procedurally defaulted, and therefore barred from this Court's

4

review.  See Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

Shaw presented claims (1) through (5) to the Supreme Court of Virginia in his appeal of his state habeas corpus petition.  The Supreme Court of Virginia denied claims (1) through (4) on the merits.  See Shaw v. Johnson, No. 081686, slip op. (Va. Apr. 1, 2009).  The Court further found that claim (5) was procedurally barred from review in the Virginia Supreme Court pursuant to Virginia Supreme Court Rule 5:17(c).  Id. Accordingly, the Court FINDS that Shaw's claims (1) through (5) are exhausted.

## B.  Procedural Default

If any of Shaw's exhausted claims were presented to the highest state court, but were not addressed on the merits by that court because they were procedurally barred pursuant to an adequate and independent state procedural rule, the procedural default rule prevents federal habeas review of the merits.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In Virginia, a petitioner is barred from raising a non-jurisdictional claim for the first time in a habeas petition where the petitioner could have raised that claim at the trial court or on direct appeal.  See Slayton v. Parrigan, 215 Va. 27, 29 (1974). The petitioner may not "use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction."  Id. This rule is also articulated in Virginia Supreme Court Rule 5:17(c).  See

5

Va. S. Ct. Rule 5:17(c).

Here, Shaw raised claim (5) for the first time in his state habeas petition. The Supreme Court of Virginia dismissed this claim pursuant to Slayton and Rule 5:17 because Shaw neither raised the prosecutorial misconduct claim at his criminal trial, nor did he properly state the claim in his appeal. See Shaw v. Johnson, No. 081689, slip op. (Va. June. 1, 2009); see also Slayton, 215 Va. at 29. Slayton has consistently been held to constitute an independent and adequate state law ground, which supports procedural default in Federal Court. See e.g., Smith v. Murray, 477 U.S. 527, 533 (1986); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). This Court cannot review the state court's finding of procedural default. Gilbert v. Moore, 134 F.3d 642, 657 n.14 (4th Cir. 1998). Therefore, in accordance with the holding by the Virginia Supreme Court, Shaw's claim (5) is procedurally defaulted.

## 1. **Limited Exceptions to Procedural Default**

Although claim (5) is procedurally defaulted, Shaw may still obtain review of his claim if he can establish either: (1) "cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the [claim] will result in a fundamental miscarriage of justice" because, for instance, he is actually innocent of the crime for which he is convicted. Clagett, 209 F.3d at 379 (citing Coleman, 501 U.S. at 750); see also Weeks v. Angelone, 176 F.3d 249, 269

6

(4th Cir. 1999). Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright, 151 F.3d at 160 n.5 (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

With regard to the second exception to procedural default, it is Shaw's burden to establish the miscarriage of justice exception by providing new evidence such that, but for the asserted constitutional errors, no reasonable juror would have found the petitioner guilty. See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)). Additionally, claims for cause sufficient to excuse procedural default must be raised in the petitioner's state habeas petition as a prerequisite for this Court's review. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Justus v. Murray, 897 F.2d 709, 713-714 (4th Cir 1990).

Shaw does not make any argument for or provide any evidence to

7

support the miscarriage of justice exception. Further, Shaw has not established cause for his failure to raise the prosecutorial misconduct claim in the trial court or on direct appeal. Shaw alleges in claim (4) that his counsel was "working as a mole alongside the Commonwealth's Attorney." Pet'r's Mem. at 19, Shaw v. Johnson, (E.D. Va. No. 2:09cv593). However, even if this Court construes this as an attempt to show cause,[3] Shaw was required to raise this issue in his state habeas petition in order for this Court to review it on the merits. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Justus v. Murray, 897 F.2d 709, 713-714 (4th Cir 1990) (holding that a claim that ineffective assistance of counsel caused procedural default must be exhausted in the state courts before it can be considered by this Court). Therefore, Shaw cannot establish cause for the procedural default of claim (5), and this Court cannot review this claim. Accordingly, the Court FINDS claim (5) is procedurally defaulted and RECOMMENDS that claim (5) be DENIED and DISMISSED.

## C. **Merits**

The Court now considers claims (1) through (4) on the merits. In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a Federal court may not grant relief on a

---

[3] "[A] pro se litigant is entitled to a liberal reading of [his] pleadings." Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). It is with this principle in mind that the Court construes the various pleadings submitted by this pro se plaintiff.

habeas claim previously adjudicated on the merits in state court
unless that adjudication:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or

> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly
sought to ensure a level of deference to the determinations of
state courts, provided those determinations did not conflict with
federal law or apply federal law in an unreasonable way." Williams
v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted);
see also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000)
(recognizing that, for claims adjudicated on the merits by the
state court, the federal court "is limited by the deferential
standard of review set forth in § 2254(d), as interpreted by the
Supreme Court in Williams[]"). Consequently, "state-court
judgments must be upheld unless, after the closest examination of
the state-court judgment, a federal court is firmly convinced that
a federal constitutional right has been violated." Williams, 529
U.S. at 387. Moreover, "[a] federal habeas court may not issue the
writ simply because that court concludes in its independent
judgment that the relevant state-court decision applied clearly
established federal law erroneously or incorrectly. Rather, that
application must also be [objectively] unreasonable." Id. at 411.

In deference to the state court's decision, this Court may not grant relief unless it determines that the court's decision on the merits was "legally or factually unreasonable." Bell, 236 F.3d at 163 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)). Further, the Court is mindful that "a determination on a factual issue by a State court shall be presumed to be correct [in a habeas proceeding]," and the petitioner has the burden to rebut that "presumption of correctness by clear and convincing evidence." See 28 U.S.C. § 2254(e)(1); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

### 1. Ineffective Assistance of Counsel-Claim (1)

In claim (1), Shaw alleges that his constitutional rights were violated because his counsel, Hill, failed to order a pre-trial competency hearing of Shaw. The standard for ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, the petitioner must establish that counsel's errors were so serious that he was not functioning as the counsel guaranteed by the sixth Amendment, and that there is a reasonable probability that, but for those errors, the result would have been different. Id. at 687. Strickland requires the court to subject Shaw's claim to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). A failure to prove either prong is a failure to prove ineffective assistance of counsel. Strickland,

466 U.S. at 690. To grant relief, the state court had to find: (1) that Shaw's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690; and (2) a reasonable probability exists that the outcome of the proceeding would have been different, but for his lawyer's errors," id. at 694.

The basis for Shaw's claim is that he was, in fact, incompetent to stand trial, and so his counsel should have requested a hearing. Therefore, a review of his competency at the time of trial is a necessary component of reviewing the merits of claim (1). The test for competency to stand trial is whether "a [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. . .and whether he has a rational as well as a factual understanding of the proceedings against him." Burket v. Angelone, 208 F.3d 172, 191 (4th Cir. 2000). Not every type of mental illness renders a defendant incompetent to stand trial. Burket, 208 F.3d at 192. A court "should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel. . ." See Robert v. Curran, No. Civ.A. AMD 96-478, 2002 WL 32330995 at *3 (D.Md. Aug. 21, 2001) (quoting Davis v. State of Alabama, 545 F.2d 460, 464 (5th Cir. 1977)).

Shaw alleges that he was incompetent because he suffered from depression, attempted suicide near the time of trial, and generally appeared to lack competency to stand trial. See Pet'r's Mem. at 4, Shaw v. Johnson, (E.D. Va. No. 2:09cv593). Shaw's evidence includes Mental Health Progress Reports and trial testimony, both of which identify his depression and suicidal tendencies. Id. at Ex. 4. He also indicates in a conversation with his girlfriend that he will not be able available in the future to raise his child. Id.

Despite Shaw's contentions, the record indicates that Shaw was competent to stand trial. In Hill's affidavit, Pet'r's Mem. Ex. 5, Hill avers that Shaw was capable of assisting him, that Shaw understood the nature of the proceedings, and that Shaw was not, in any way, incompetent to stand trial. Id. at Ex. 5. Shaw asked questions, understood his rights, suggested trial strategies, made inquiries, and was helpful to his counsel in discussing details of the offenses and timing. Id. Additionally, the trial court administered a lengthy and thorough colloquy before Shaw entered his guilty plea. Tr. Test. Day 3 at 18-46, Commonwealth v. Shaw, No. 081686 (Va. Cir. Ct. Nov. 8, 2004). The court inquired into the nature of the plea, the forfeited rights connected with a guilty plea, the voluntariness of the plea, and all other elements associated with the plea. Id. Shaw responded knowingly and intelligently to all of the trial court's inquiries. Id. He understood the nature of the plea and the rights that he was

12

forfeiting.  Id.  His above noted conversation with his girlfriend indicates that he was well aware of the likely prison sentence he faced.  Shaw demonstrated his ability to consult with his attorney, and his ability to form a rational understanding of the circumstances and the proceedings.  He did not present evidence that "positively, unequivocally, and clearly, generate[d] a real, substantial, and legitimate doubt" of his competency.  Davis v. State of Alabama, 545 F.2d 460, 464 (5th Cir. 1977).

Shaw's claim fails the performance prong of Strickland because Shaw's counsel, Hill, was not ineffective when he did not request a pre-trial competency hearing.  As discussed previously, Shaw's behavior was consistent with a competent defendant.  He demonstrated his understanding of the proceedings and his ability to communicate with counsel.  See Pet'r's Mem., Shaw v. Johnson, (E.D. Va. No. 2:09cv593).  He participated in discussions with the court and suggested various trial strategies with Hill.  Id. at Ex. 5.  Strickland's performance prong requires Shaw to prove that Hill was acting unreasonably when he failed to request a pre-trial hearing.  However, because Shaw was not incompetent at the time of trial, Hill's failure to request a hearing was reasonable.

Shaw's claim also fails the prejudice prong of Strickland.  Shaw does not allege that, but for his counsel's deficiency, there is a reasonable probability that the disposition of the trial would have been different, and, as discussed supra, the evidence does not support such a finding.  See Strickland, 466 U.S. at 687.

13

The state court dismissed Shaw's claim because he did not satisfy either prong of <u>Strickland</u>. This Court agrees and finds that Shaw failed to show that the state court's dismissal of claim (1) on the merits was either factually or legally unreasonable. Accordingly, the Court RECOMMENDS that Shaw's claim (1) of ineffective assistance of counsel be DENIED and DISMISSED.

### 2. Ineffective Assistance of Counsel-Claim (2)

In claim (2), Shaw alleges that his counsel was deficient when he advised Shaw to plead guilty. The state court dismissed this claim because Shaw failed to satisfy the standard set forth in <u>Strickland</u>. For the following reasons, this Court agrees with the state court's decision.

A defendant has the right to the effective assistance of counsel before deciding whether to plead guilty. <u>Padilla v. Kentucky</u>, 130 S.Ct. 1473, 1480-81 (2010). Where a defendant claims counsel is ineffective at this stage, <u>Strickland</u> requires a showing that counsel did not act in accordance with "prevailing professional norms." 466 U.S. at 688. In the guilty plea context, the petitioner must also show that, but for counsel's errors, the petitioner would not have plead guilty. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-9 (1985).

Shaw alleges that his counsel was deficient because he advised Shaw to plead guilty when there was no apparent strategic advantage to do so. Additionally, Shaw claims that his counsel failed to make a reasonable and thorough investigation before advising him to

plead guilty. However, the trial record and Hill's affidavit indicate that Shaw was well informed by Hill at the time of his guilty plea, that he made the plea knowingly and voluntarily, that he was satisfied with the performance of his counsel, and that he plead guilty because he wanted to present his account of the events. Tr. R., <u>Virginia v. Shaw,</u> (No. 081686)(Vir. Cir. Ct. Nov. 8, 2004).

Hill's affidavit reveals that he advised Shaw of his options and of his opinion of the trial. Pet'r's Mem. Ex. 5, <u>Shaw v. Johnson,</u> (E.D.V.A. No. 2:09cv593). Hill did not threaten or coerce Shaw to plead guilty in any manner, and Shaw made his own decision to plead guilty. <u>Id.</u> Additionally, Shaw expressed his intent to communicate directly with the Commonwealth's Attorney and the investigators. <u>Id.</u>

The trial record further demonstrates that Shaw gave his guilty plea knowingly and voluntarily. Hill explained the consequences of pleading guilty to Shaw. Tr. Test. Day 3 at 18-46, <u>Commonwealth v. Shaw,</u> No. 081686 (Va. Cir. Ct. Nov. 8, 2004). Shaw was motivated to plead guilty so that he could explain his account of the events. <u>Id.</u> The court advised Shaw that pleading guilty was his right and his own decision. <u>Id.</u> It discussed with Shaw the other consequences of pleading guilty, including forfeiting the right to present evidence, forfeiting the right to testify, and the sentencing procedure that would follow. <u>Id.</u> at 10-46. Shaw admitted during the Court's guilty plea colloquy that he discussed

his decision to change his plea from guilty to not guilty with his lawyer, and he admitted that his guilty plea was his own decision. Id. Shaw made a knowing and voluntary guilty plea after hearing and acknowledging the full consequences that such a plea would carry, and Hill adequately advised Shaw throughout the plea. Shaw's counsel was not ineffective and Shaw failed to satisfy the performance prong of Strickland.

Additionally, Shaw failed to satisfy the prejudice prong of Strickland. He presents no evidence to support how, but for the deficiencies of his counsel, he would not have plead guilty. In fact, Shaw's counsel advised him that he should not testify and should not plead guilty. Tr. Test. Day 3 at 9, Commonwealth v. Shaw, No. 081686 (Va. Cir. Ct. Nov. 8, 2004). Shaw disregarded his counsel's advice and testified on his own volition. Id. at 10-48. There is nothing to suggest that, but for counsel's deficiency, Shaw would not have pled guilty plea. Therefore, Shaw failed to satisfy the prejudice prong of Strickland.

Accordingly, this Court FINDS that the state court correctly dismissed Shaw's claim (2). This Court RECOMMENDS that Shaw's claim of ineffective assistance of counsel for advising him to plead guilty be DENIED and DISMISSED.

### 3. Ineffective Assistance of Counsel-Claim (3)

In claim (3), Shaw claims that he was denied the effective assistance of counsel because his counsel failed to properly investigate and cross examine John Redding, an adverse witness and

16

Shaw's co-defendant. This claim is governed by <u>Strickland</u>, and a failure to make a showing on either <u>Strickland</u> prong is a failure to prove ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. at 688. The state court dismissed this claim because Shaw failed to make an adequate <u>Strickland</u> showing. Based on the following, this Court agrees with the state court's dismissal of claim (3).

Shaw fails to satisfy the prejudice prong of <u>Strickland</u> because the testimony of the witness could not have reasonably affected the outcome of the trial. The trial ended with Shaw's pleas of guilty and subsequent convictions. As discussed previously, the state court determined, and this Court agrees, that Shaw made his guilty plea knowingly and voluntarily. At most, the testimony of Redding weighed into Shaw's decision to plead guilty. However, Shaw admits that his motivation to plead guilty was that he wanted to present his account of the events, and not because he thought the trial testimony was invalid.

Accordingly, this Court FINDS that petitioner's claim (3) is without merit, and the state court correctly dismissed the claim. This Court RECOMMENDS that Shaw's ineffective assistance of counsel claim (3) be DENIED and DISMISSED.

## 4. Ineffective Assistance of Counsel-Claim (4).

In claim (4), Shaw alleges that he was denied the effective assistance of counsel because his counsel labored under a conflict of interest. The state court dismissed this claim because Shaw failed to satisfy either prong of <u>Strickland</u>. Based on the

17

following, this Court agrees with the state court's dismissal of claim (4).

The appropriate standard for analyzing ineffective assistance of counsel claims involving a conflict of interest is set forth in Cuyler v. Sullivan. A petitioner must "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Prejudice to the petitioner will be presumed upon an affirmative showing by the petitioner that: (1) an actual conflict existed; and (2) that conflict significantly affected counsel's performance. Mickens v. Taylor, 535 U.S. 162, 172-73 (2002).

Shaw argues that his counsel was working as a mole for the Commonwealth's Attorney. He points to disagreements he had with his counsel and the totality of the circumstances as evidence of a conflict. Pet'r's Mem. at 19, Shaw v. Johnson, (E.D. Va. No. 2:09cv593).

Shaw offers no evidence to support his claim other than pointing to disagreements he had with his counsel. However, not every disagreement with defense counsel constitutes a conflict of interest. See U.S. v. Davis, 239 F.3d 283, 286 (2d. Cir. 2001). Nor will dissatisfaction with defense counsel automatically constitute a conflict of interest. See U.S. v. White, 174 F.3d 290, 296 (2d. Cir. 1999). Shaw's evidence is inadequate to establish that an actual conflict existed. Disagreements between counsel and a defendant are quite common in the course of a trial,

18

and their existence, without more, will not constitute a conflict of interest. See White, 174 F.3d at 296. Shaw does nothing more than identify disagreements he had with his counsel, and he fails to establish that his counsel had an actual conflict of interest.

Shaw also fails the second prong of Cuyler because he does not show that his counsel's performance was significantly affected. Shaw offers no evidence explaining how his counsel's performance was affected by the alleged conflict of interest. Disagreements between the defendant and defense counsel are common in the course of representation, and their existence alone does not establish an adverse effect on counsel's performance. See White, 174 F.3d at 296.

This Court FINDS that claim (4) is without merit, and the state court correctly dismissed the claim. Accordingly, this Court RECOMMENDS that Shaw's ineffective assistance of counsel-claim (4) be DENIED and DISMISSED.

### III.  **RECOMMENDATION**

For the foregoing reasons, having found that Shaw's claim (5) is procedurally defaulted and that claims (1) through (4) are without merit, this Court RECOMMENDS that Shaw's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Shaw's claims be DISMISSED WITH PREJUDICE.

Shaw failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended

that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636 (b)(1):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

_____

United States Magistrate Judge

Norfolk, Virginia

June 4, 2010

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Anthony D. Shaw, # 366568/107795
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891
PRO SE

Donald Eldridge Jeffrey III
Office of the Attorney General
900 E Main Street
Richmond, VA 23219
Counsel for Respondent

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

June 4, 2010