FILED
AUG 13 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTHONY D. SHAW, #344733,
        Petitioner,

v.                              CIVIL ACTION NO. 2:09cv593

GENE M. JOHNSON, DIRECTOR,

        Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on June 4, 2010, recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On July 15, 2010, the Court received Petitioner's Objection. (Doc. No. 18.) The Court received no response from Respondent.

Petitioner first objects to the standard of proof used by the magistrate judge in evaluating the merits of Petitioner's first claim. Specifically, Petitioner argues that to prevail on his ineffective assistance of counsel claim, he need not prove by a preponderance of the evidence that he was incompetent to stand

trial, but rather that there was a reasonable probability that he was incompetent to stand trial and therefore he suffered prejudice as a result of counsel's deficient performance.

Petitioner is correct that under Strickland v. Washington, 466 U.S. 668, 688-89 (1984), a petitioner need only show that there is a reasonable probability, rather than prove by a preponderance of the evidence, that the petitioner would have been found incompetent had his counsel requested that the petitioner's competence be evaluated prior to trial. See, e.g., Charles v. Farwell, 263 Fed.Appx. 644, 646 (9th Cir. 2008). In fact, the magistrate judge applied this standard to Shaw's petition, and nonetheless found that Petitioner had not demonstrated that there was a reasonable probability that he would have been found incompetent and that the outcome of his trial or sentencing would be different. (Report and Recommendation at 12-13.) Therefore, the Court finds that the magistrate judge applied the correct standard to Petitioner's claim.

Petitioner also objects to the magistrate judge's evaluation of the evidence regarding Petitioner's competence. The undersigned finds that the magistrate judge did not err in his evaluation of the evidence.

Here, the Circuit Court of King William County evaluated Petitioner's claim that his counsel was ineffective for failing to request a competency evaluation, and the court determined that the

evidence did not show that but for counsel's alleged error, there is a reasonable probability that Petitioner would have been found incompetent. As noted in the report and recommendation, a federal court must defer to a state court's determination such as this unless the determination conflicts with federal law or applies federal law in an unreasonable way. Williams v. Taylor, 529 U.S. 362, 386 (2000). The magistrate judge considered the evidence regarding Petitioner's competency and found that the evidence supports the state court's determination. This Court agrees.

Finally, Petitioner also objects that the circumstances surrounding his guilty plea were not as indicated by the magistrate judge and that there is a factual dispute whether Petitioner's counsel sufficiently investigated witnesses and evidence. Because the magistrate judge addressed Petitioner's allegations in his report and recommendation, properly applying Strickland and deferring to the state court's determinations, the Court agrees with the magistrate judge's report and recommendation. Accordingly, Petitioner's objections are OVERRULED.

The Court, having reviewed the record and examined the objections filed by Petitioner to the magistrate judge's report, and having made de novo findings with respect to the portions objected to, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on June 4, 2010, and it is, therefore,

ORDERED that the petition be DENIED AND DISMISSED as the petition is without merit. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this <u>final</u> <u>order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

/s/ [signature]
Mark S. Davis
United States District Judge

Norfolk, Virginia
August 13, 2010